UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER Q. PETTEWAY,**

       **Petitioner,**

v.                                                   Case No.  6:23-cv-1751-CEM-DCI

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

       **Respondent.**
_____/

# ORDER

THIS CAUSE is before the Court on a handwritten document (Doc. 1) filed by Petitioner Christopher Q. Petteway that was used to open this case file.

The document is in places difficult to understand but Petitioner appears to explain that he has tried to obtain the transcripts and additional case documents for his 2001 Osceola County criminal case but he cannot afford to pay for them (Doc. 1 at 1, 3), that he recently discovered unspecified "info to exonerate" himself, and that he requests the Court provide him with those documents. (Doc. 1 at 1–2). He also requests copies of various forms, including those used to request the assignment of counsel, to proceed as co-counsel, and to proceed *in forma pauperis*. (Doc. 1 at 2). He further asks for the forms for "habeas corpus motions," "[28 U.S.C. §§] 2254 & 2255 motions," a 28 U.S.C. § 2241 Petition "& the savings clause," a form to request

a certificate of appealability, and a 42 U.S.C. § 1983 form. (Doc. 1 at 2, 4). Petitioner claims to be innocent and desires to appeal. (Doc. 1 at 1, 4).

Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." Petitioner did not title the document a civil complaint or a petition for writ of habeas corpus, and it is not clear from his statements whether he seeks to initiate a habeas action or a civil rights action. Thus, although the present document was used to open the case file, Petitioner has not initiated a civil action.

Additionally, Petitioner did not use the standard form to initiate such an action. *See* Local Rule 6.04(a), M.D. Fla. (requiring *pro se* plaintiff prisoners to use the standard form to file a civil complaint or habeas petition). Nor did he comply with the pleading requirements set forth in the *Rules Governing Section 2254 Cases in the United States Courts*, the *Rules Governing Section 2255 Proceedings for the United States District Courts*, or the Federal Rules of Civil Procedure.

Finally, Plaintiff did not pay the filing fee or move to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914(a), 1915(a)–(b); Rule 3(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's filing of the present document (Doc. 1) did not initiate a civil action.

2. If Petitioner desires to proceed on any claim in this Court, he must do so by filing a new pleading using a standard form. He should not place the current case number on the pleading, as a new case number will be assigned at the time of filing.

3. The Clerk of Court is directed to:

   a. Rename the present document (Doc. 1)[1] on the docket as a "Notice and Request for Documents";

   b. Send to Petitioner the prisoner Affidavit of Indigency form as well as the standard prisoner pleading forms for actions filed under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2241, 2254, and 2255; and

   c. **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on September 18, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party

---

[1] The Clerk erroneously labeled the document as a federal habeas petition.